Sandra K. Steinman
No. 010292001
DARGER ERRANTE YAVITZ & BLAU LLP
116 East 27th Street, 12th Floor
New York, New York 10016
P: 212.452.5300
F: 212.452.5301
*Attorneys for Defendant TAF International Limited*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY (TRENTON)

| | |
|---|---|
| JOAN M. AVON, Individually and as Executrix of the Estate of WILLIAM AVON, JR., by her agent, THE FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>T&N LIMITED, f/k/a T&N PLC, f/k/a Turner & Newall PLC, and f/k/a Turner & Newall Limited; and<br><br>TAF INTERNATIONAL LIMITED, f/k/a Turners Asbestos Fibres Limited, and f/k/a Raw Asbestos Distributors Limited;<br><br>Defendants. | 3:13-cv-07530-FLW-TJB<br><br><br>**ANSWER OF TAF INTERNATIONAL LIMITED** |

Defendant TAF International Limited, f/k/a Turners Asbestos Fibres Limited, and f/k/a Raw Asbestos Distributors Limited ("TAF"), by its attorneys Darger Errante Yavitz & Blau LLP, answers the Complaint and Jury Demand ("Complaint") of Plaintiff Joan M. Avon, Individually and as Executrix of the Estate of William Avon, Jr., by her agent, The Federal-Mogul Asbestos Personal Injury Trust ("Plaintiff"), filed in the United States District Court in the District of New Jersey, as follows:

## PARTIES-PLAINTIFFS

1.      TAF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      TAF denies the truth of the allegations contained in Paragraphs 2 and 3 of the Complaint insofar as such allegations pertain to TAF.

3.      TAF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4 and 5 of the Complaint.

4.      TAF denies the truth of the allegations contained in Paragraph 6 of the Complaint insofar as such allegations pertain to TAF.

5.      Paragraphs 7 and 8 of the Complaint contain statements to which no response is required.

6.      TAF admits to the truth of the statements contained in Paragraph 9 of the Complaint.

7.      TAF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

8.      Paragraph 11 of the Complaint contains a statement to which no response is required.

## PARTIES-DEFENDANTS

9.      TAF admits the allegations contained in Paragraphs 12 and 13 of the Complaint.

10.      TAF denies the truth of the allegations contained in Paragraph 14 of the Complaint insofar as such allegations pertain to TAF, and refers all questions of law to the Court.

11.  TAF admits to the truth of the statements contained in Paragraph 15 of the Complaint as they pertain to TAF, and refers all questions of law to the Court.

12.  TAF denies the allegations contained in Paragraph 16 of the Complaint insofar as such allegations pertain to TAF, and refers all questions of law to the Court.

13.  TAF denies the truth of the allegations contained in Paragraph 17 of the Complaint insofar as such allegations pertain to TAF, except admits that TAF has done business in the State of New Jersey, and refers all questions of law to the Court.

14.  TAF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except admits that TAF is a foreign corporation, and refers all questions of law to the Court.

15.  TAF admits to the truth of the statements contained in Paragraph 19 of the Complaint as they pertain to TAF, and refers all questions of law to the Court.

16.  TAF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and refers all questions of law to the Court.

17.  TAF admits to the truth of the statements contained in Paragraph 21 of the Complaint as they pertain to TAF, and refers all questions of law to the Court.

18.  TAF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and refers all questions of law to the Court.

19.  Paragraph 23 of the Complaint contains a statement to which no response is required.

## **AS TO THE FIRST CAUSE OF ACTION**

20.     In response to Paragraph 24 of the Complaint, TAF repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs 1 through 23 (inclusive) of the Complaint with the same force and effect as if hereinafter set forth at length.

21.     TAF denies the allegations contained in Paragraphs 25 through 33 (inclusive) of the Complaint, including all sub-parts therein, as they pertain to TAF, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid Paragraphs of the Complaint as they pertain to parties other than TAF, and refers all questions of law to the Court.

## **AS TO THE SECOND CAUSE OF ACTION**

22.     In response to Paragraph 34 of the Complaint, TAF repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs 1 through 33 (inclusive) of the Complaint with the same force and effect as if hereinafter set forth at length.

23.     TAF denies the allegations contained in Paragraphs 35 through 37 (inclusive) of the Complaint as they pertain to TAF, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid Paragraphs of the Complaint as they pertain to parties other than TAF, and refers all questions of law to the Court.

## **AS TO THE THIRD CAUSE OF ACTION**

24.     In response to Paragraph 38 of the Complaint, TAF repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs 1 through 37 (inclusive) of the Complaint with the same force and effect as if hereinafter set forth at length.

25.     TAF denies the allegations contained in Paragraphs 39 and 40 of the Complaint as they pertain to TAF, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid Paragraphs of the Complaint as they pertain to parties other than TAF, and refers all questions of law to the Court.

## AS TO THE FOURTH CAUSE OF ACTION

26.     In response to Paragraph 41 of the Complaint, TAF repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs 1 through 40 (inclusive) of the Complaint with the same force and effect as if hereinafter set forth at length.

27.     TAF denies the allegations contained in Paragraphs 42 and 43 of the Complaint, including all sub-parts therein, as they pertain to TAF, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid Paragraphs of the Complaint as they pertain to parties other than TAF, and refers all questions of law to the Court.

## AS TO THE FIFTH CAUSE OF ACTION

28.     In response to Paragraph 44 of the Complaint, TAF repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs 1 through 43 (inclusive) of the Complaint with the same force and effect as if hereinafter set forth at length.

29.     TAF denies the allegations contained in Paragraphs 45 through 48 (inclusive) of the Complaint as they pertain to TAF, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid Paragraphs of the Complaint as they pertain to parties other than TAF, and refers all questions of law to the Court.

## AS TO THE SIXTH CAUSE OF ACTION

30.     In response to Paragraph 49 of the Complaint, TAF repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs 1 through 48 (inclusive) of the Complaint with the same force and effect as if hereinafter set forth at length.

31.     TAF denies the allegations contained in Paragraphs 50 through 53 (inclusive) of the Complaint, including all sub-parts therein, as they pertain to TAF, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid Paragraphs of the Complaint as they pertain to parties other than TAF, and refers all questions of law to the Court.

## AS TO THE SEVENTH CAUSE OF ACTION

32.     In response to Paragraph 54 of the Complaint, TAF repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs 1 through 53 (inclusive) of the Complaint with the same force and effect as if hereinafter set forth at length.

33.     TAF denies the allegations contained in Paragraph 55 of the Complaint as they pertain to TAF, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid Paragraph of the Complaint as they pertain to parties other than TAF, and refers all questions of law to the Court.

## AS TO THE EIGHTH CAUSE OF ACTION

34.     In response to Paragraph 56 of the Complaint, TAF repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs 1 through 55 (inclusive) of the Complaint with the same force and effect as if hereinafter set forth at length.

35.     TAF denies the allegations contained in Paragraphs 57 through 59 (inclusive) of the Complaint as they pertain to TAF, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid Paragraphs of the Complaint as they pertain to parties other than TAF, and refers all questions of law to the Court.

## AS TO THE NINTH CAUSE OF ACTION

36.     In response to Paragraph 60 of the Complaint, TAF repeats, reiterates, and realleges each and every response to the allegations contained in Paragraphs 1 through 59 (inclusive) of the Complaint with the same force and effect as if hereinafter set forth at length.

37.     TAF denies the allegations contained in Paragraphs 61 through 65 (inclusive) of the Complaint as they pertain to TAF, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid Paragraphs of the Complaint as they pertain to parties other than TAF, and refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

38.     The Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

39.     This Court lacks personal jurisdiction over TAF.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

40.     No case or controversy currently exists between Plaintiff and TAF.

**AS AND FOR A**
**FOURTH AFFIRMATIVE DEFENSE**

41.     All claims are time-barred by the applicable Statute of Limitations.

**AS AND FOR A**
**FIFTH AFFIRMATIVE DEFENSE**

42.     All causes of action have not been maintained in a timely fashion and Plaintiff has

neglected the same and should be barred by the doctrine of laches.

**AS AND FOR A**
**SIXTH AFFIRMATIVE DEFENSE**

43.     All claims should be dismissed based upon inconvenient forum.

**AS AND FOR A**
**SEVENTH AFFIRMATIVE DEFENSE**

44.     Plaintiff lacks the legal capacity, standing, and authority to bring this action.

**AS AND FOR A**
**EIGHTH AFFIRMATIVE DEFENSE**

45.     All claims should be dismissed based upon waiver.

**AS AND FOR AN**
**NINTH AFFIRMATIVE DEFENSE**

46.     All claims should be dismissed based upon collateral estoppel and/or *res judicata*.

**AS AND FOR A**
**TENTH AFFIRMATIVE DEFENSE**

47.     All claims should be dismissed based upon documentary evidence.

**AS AND FOR A**
**ELEVENTH AFFIRMATIVE DEFENSE**

48.     All claims should be dismissed based upon Plaintiff's incapacity or other disability.

**AS AND FOR AN**
**TWELFTH AFFIRMATIVE DEFENSE**

49.     All claims should be dismissed based upon payment and/or release.

**AS AND FOR A**
**THIRTEENTH AFFIRMATIVE DEFENSE**

50.     The Complaint, and each and every allegation considered separately, fail to state any cause of action against TAF upon which relief can be granted.

**AS AND FOR A**
**FOURTEENTH AFFIRMATIVE DEFENSE**

51.     This action is barred by Plaintiff's failure to join indispensable parties without which this action should not proceed, and should be dismissed.

**AS AND FOR A**
**FIFTEENTH AFFIRMATIVE DEFENSE**

52.     Venue is improper.

**AS AND FOR A**
**SIXTEENTH AFFIRMATIVE DEFENSE**

53.     In the event that Plaintiff's Decedent was employed by TAF, Plaintiff's sole and exclusive remedy is under the Worker's Compensation Act of the State of New Jersey and/or the relevant jurisdiction and venue.

**AS AND FOR A**
**SEVENTEENTH AFFIRMATIVE DEFENSE**

54.     Plaintiff's Decedent's alleged injuries, if any, were not caused by exposure to any TAF product or equipment.

**AS AND FOR A**
**EIGHTEENTH AFFIRMATIVE DEFENSE**

55.     TAF denies any successor liability for any product or equipment from which Plaintiff alleges injuries or damages.

**AS AND FOR A**
**NINETEENTH AFFIRMATIVE DEFENSE**

56.     TAF did not specify, recommend, direct, or require the use of asbestos or asbestos-

containing products.

### AS AND FOR A
### TWENTIETH AFFIRMATIVE DEFENSE

57.     TAF denies that Plaintiff's Decedent had any exposure to any asbestos product mined, processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold, and/or otherwise placed in the stream of commerce by TAF and, more particularly, denies upon information and belief that TAF mined, processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce any asbestos product at the times and upon the dates alleged in the Complaint.

### AS AND FOR A
### TWENTY-FIRST AFFIRMATIVE DEFENSE

58.     Even if the Plaintiff's Decedent came into contact with any asbestos-containing materials manufactured by TAF, its affiliates or predecessors, which is specifically denied, such contact was not a material producing cause of the Plaintiff's Decedent's alleged injuries because TAF's asbestos-containing materials, if any, were encapsulated and impregnated such that, when the products were used in the manner intended and for the purposes intended, no asbestos fibers were released into the air or, if asbestos fibers were released into the air, which is denied, the amount was *de minimis,* well below current government standards, and not harmful

### AS AND FOR A
### TWENTY-SECOND AFFIRMATIVE DEFENSE

59.     TAF specifically denies that the asbestos products alleged in the Complaint are products within the meaning and scope of the Restatement of Torts § 402A, and as such, the Complaint fails to state a cause of action in strict liability.

### AS AND FOR A
### TWENTY-THIRD AFFIRMATIVE DEFENSE

60.     In the event Plaintiff should prove exposure of Plaintiff's Decedent to any TAF

product or equipment, such exposure was *de minimis* and not sufficient to establish by a reasonable degree of probability that any TAF product or equipment caused any alleged injury.

**AS AND FOR A**
**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

61. Plaintiff's claims against TAF must be dismissed because TAF did not own, lease, occupy, possess, supervise, manage, and/or control the area at or near the location where Plaintiff's Decedent was allegedly injured.

**AS AND FOR A**
**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

62. Plaintiff's claims against TAF must be dismissed because TAF did not supervise, control, manage, and/or direct Plaintiff's Decedent, Plaintiff's Decedent's employer, Plaintiff's Decedent's coworkers, and/or any person or persons in the area at or near the location where Plaintiff's Decedent was allegedly injured.

**AS AND FOR A**
**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

63. The conditions at and around the location at which Plaintiff's Decedent was allegedly injured constituted open and obvious hazards against which TAF had no duty to warn.

**AS AND FOR A**
**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

64. The conditions at and around the location at which Plaintiff's Decedent was allegedly injured constituted open and obvious hazards that Plaintiff's Decedent was obligated to avoid and/or required to take reasonable and appropriate precautions so as to avoid injury.

**AS AND FOR A**
**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

65. Plaintiff's Decedent's alleged injuries or damages were caused directly, solely and proximately by sensitivities, idiosyncrasies, and other reactions peculiar to Plaintiff's Decedent

11

alone and not found in the general public.

## AS AND FOR A
## TWENTY-NINTH AFFIRMATIVE DEFENSE

66.     Plaintiff's Decedent's significant pre-existing medical conditions caused the alleged injuries and/or damages.

## AS AND FOR A
## THIRTIETH AFFIRMATIVE DEFENSE

67.     TAF did not have a duty to warn Plaintiff's Decedent.

## AS AND FOR A
## THIRTY-FIRST AFFIRMATIVE DEFENSE

68.     All claims are barred or diminished because of Plaintiff's failure to preserve evidence.

## AS AND FOR A
## THIRTY-SECOND AFFIRMATIVE DEFENSE

69.     Plaintiff's Decedent was comparatively negligent pursuant to the statutes of the State of New Jersey.

## AS AND FOR A
## THIRTY-THIRD AFFIRMATIVE DEFENSE

70.     Plaintiff's Decedent was contributorily negligent in:

(a)     Working with materials he knew or should have known to be hazardous to his health, without use of available protective devices, and without taking reasonable precautions to guard against damages resulting from work with such materials;

(b)     Failing to seek medical treatment and advice, and/or continuing to smoke, after the first manifestation of their alleged asbestos illness;

(c)     Using, in whole or in part, of other substances, products, medications, and drugs; and

(d)     As further discovery may reveal.

**AS AND FOR A**
**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

71.     Any injuries or damages sustained by Plaintiff's Decedent were the direct result of Plaintiff's Decedent's deliberate misuse and/or unauthorized alteration of the personal protective equipment provided.

**AS AND FOR A**
**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

72.     The condition of any asbestos-containing materials manufactured by TAF, if any, were materially altered or modified between the time they left the hands of TAF and the time Plaintiff's Decedent came into contact with them.  Consequently, TAF can have no liability to Plaintiff.

**AS AND FOR A**
**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

73.     Plaintiff's Decedent misused asbestos-containing products and/or equipment, which misuse proximately caused and/or contributed to the injuries and damages of which Plaintiff complains.

**AS AND FOR A**
**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

74.     Plaintiff's Decedent was warned of risk of exposure to asbestos and asbestos-containing products and equipment.

**AS AND FOR A**
**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

75.     The alleged incident, injuries, and damages of which Plaintiff complains were caused by unauthorized, unintended, and/or improper use of the product or equipment complained of and as a result of the failure to exercise reasonable care, caution, or vigilance for which TAF is

not legally liable or responsible.

## AS AND FOR A
## THIRTY-NINTH AFFIRMATIVE DEFENSE

76.     The conditions precedent to the maintenance of a wrongful death claim have not

been met.

## AS AND FOR A
## FORTIETH AFFIRMATIVE DEFENSE

77.     Any amount of damages recoverable based upon the claims and causes of action in

the Complaint must be diminished by reason of the culpable conduct attributable to Plaintiff's

Decedent, including contributory negligence, comparative negligence, and assumption of risk, in

the proportion which the culpable conduct attributable to Plaintiff's Decedent bears to the culpable

conduct which caused the damages.

## AS AND FOR A
## FORTY-FIRST AFFIRMATIVE DEFENSE

78.     Each and every cause of action in the Complaint is barred by reason of the culpable

conduct attributable to Plaintiff's Decedent, including contributory and comparative negligence

and assumption of the risk.

## AS AND FOR A
## FORTY-SECOND AFFIRMATIVE DEFENSE

79.     Upon information and belief, Plaintiff's Decedent failed to mitigate or otherwise

act to lessen or reduce the injuries and damages alleged in the Complaint.

## AS AND FOR A
## FORTY-THIRD AFFIRMATIVE DEFENSE

80.     Plaintiff's Decedent contributed to his or her illness by the use, in whole or in part,

of other substances, products, medications, and drugs.

**AS AND FOR A**
**FORTY-FOURTH AFFIRMATIVE DEFENSE**

81.     Plaintiff's Decedent, his coworkers, and employers misused, abused, mistreated, and misapplied the product or equipment complained of as alleged in the Complaint.

**AS AND FOR A**
**FORTY-FIFTH AFFIRMATIVE DEFENSE**

82.     TAF is not negligent, whether by act of commission or act of omission.

**AS AND FOR A**
**FORTY-SIXTH AFFIRMATIVE DEFENSE**

83.     While denying the allegations of the Plaintiff with respect to liability to the extent that Plaintiff may be able to prove negligence or improper conduct, the acts of TAF were not a proximate cause of any injuries or damages to the Plaintiff's Decedent.

**AS AND FOR A**
**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

84.     If the Court finds that any misuse, abuse, mistreatment, and/or misapplication of the product or equipment caused and/or contributed to the alleged damages or injuries to Plaintiff's Decedent, TAF requests that the amount of damages that might be recoverable shall be diminished by the proportion that the same misuse, abuse, mistreatment, and/or misapplication attributed to Plaintiff's Decedent, his coworkers, and/or employers bears to the conduct that caused the alleged injuries and/or damages.

**AS AND FOR A**
**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

85.     If Plaintiff should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from acts or omissions on the part of third-parties over whom TAF had no control or right of control.

## AS AND FOR A
## FORTY-NINTH AFFIRMATIVE DEFENSE

86.     While TAF denies Plaintiff's allegations as to negligence, statutory liability, strict liability, injury, and damages, to the extent that Plaintiff may be able to prove the same, they were the result of intervening and/or interceding acts of superseding negligence on the part of third-parties over whom TAF had neither control nor right of control.

## AS AND FOR A
## FIFTIETH AFFIRMATIVE DEFENSE

87.     Plaintiff's Decedent's employers' failure to provide the proper equipment to ensure a safe working environment was a proximate cause of the alleged injuries.

## AS AND FOR A
## FIFTY-FIRST AFFIRMATIVE DEFENSE

88.     At the time of sale, if any, of any asbestos-containing materials manufactured by TAF, if any, such materials complied with industry standard and federal, state, and local laws, standard, and regulations and guidelines governing the manufacture, sale, packaging, and distribution of such products, as well as the specifications of each of Plaintiff's Decedent's employers.

## AS AND FOR A
## FIFTY-SECOND AFFIRMATIVE DEFENSE

89.     TAF is immune from liability for any conduct performed in conformity with the United States government specifications and/or contracts.

## AS AND FOR A
## FIFTY-THIRD AFFIRMATIVE DEFENSE

90.     To the extent that TAF might be held vicariously liable for the actions or inactions of the Federal Occupational Safety and Health Administration ("OSHA"), the Federal Environmental Protection Agency ("EPA"), and/or other federal, state, and city agencies and

employees for which those agencies or employees are immune from liability under federal and/or state common law and/or under federal and/or state statute, TAF is likewise immune from liability for those actions or inactions pursuant to the federal and/or state common law and/or federal and/or state statute.

**AS AND FOR A**
**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

91.     TAF is immune from liability for any conduct performed in conformity with the specifications mandated by Plaintiff's Decedent's employers.

**AS AND FOR A**
**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

92.     This action is barred by the doctrines of sophisticated purchaser/employer, sophisticated/learned intermediary, and/or sophisticated user.

**AS AND FOR A**
**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

93.     TAF owed no legal duty to Plaintiff's Decedent.

**AS AND FOR A**
**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

94.     At all times relevant hereto the knowledge of other persons and business entities, and the ability of such other persons or business entities to take actions to prevent the alleged injuries and damages, was superior to that of TAF and, therefore, if there was a duty to warn Plaintiff's Decedent, then the duty was on those other persons and business entities and not on TAF.

**AS AND FOR A**
**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

95.     The failure of the purchasers/employers to warn and/or safeguard Plaintiff's Decedent from any possible health hazards associated with asbestos was an intervening and/or

superseding cause of Plaintiff's Decedent's alleged injuries.

**AS AND FOR A**
**FIFTY-NINTH AFFIRMATIVE DEFENSE**

96.    At all times during the conduct of its corporate operations, the agents, servants and/or employees of TAF used proper methods in manufacturing and/or designing its products or equipment in conformity to the available knowledge and research of the scientific and industrial communities, without recklessness, malice, or wantonness, and Plaintiff may not recover herein any exemplary or punitive damages against TAF.

**AS AND FOR A**
**SIXTIETH AFFIRMATIVE DEFENSE**

97.    At all times during the conduct of its corporate operations, the agents, servants and/or employees of TAF acted in conformity to the available knowledge and research of the scientific and industrial communities, without recklessness, malice, or wantonness, and Plaintiff may not recover herein any exemplary or punitive damages against TAF.

**AS AND FOR A**
**SIXTY-FIRST AFFIRMATIVE DEFENSE**

98.    This action is barred by the bulk supplier doctrine.

**AS AND FOR A**
**SIXTY-SECOND AFFIRMATIVE DEFENSE**

99.    TAF had no knowledge of the dangerous propensities of the material allegedly causing the injuries to Plaintiff's Decedent.

**AS AND FOR A**
**SIXTY-THIRD AFFIRMATIVE DEFENSE**

100.    At all times relevant hereto, the state of the medical, industrial, and scientific arts was that there was no generally accepted or recognized knowledge of any unsafe, inherently dangerous, hazardous or defective character or nature of asbestos products when used in the

manner and for the purposes intended, so that there was no duty by TAF to know of such character or nature or to warn Plaintiff or Plaintiff's Decedent or others similarly situated, and that, to the extent such duty arose, adequate warnings either were given or were not necessary under all circumstances.

**AS AND FOR A**
**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

101.   TAF denies that it gave, made, or otherwise extended any warranties, whether express or implied, upon which Plaintiff's Decedent in this action had a right to rely or upon which he did rely.

**AS AND FOR A**
**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

102.   TAF breached no warranties, whether express or implied.

**AS AND FOR A**
**SIXTY-SIXTH AFFIRMATIVE DEFENSE**

103.   Any oral warranties upon which Plaintiff's Decedent allegedly relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

**AS AND FOR A**
**SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

104.   As to all the causes of action in the Complaint which may be based upon express or implied warranties and/or representations, such causes of action are legally insufficient as against TAF by reason of a failure to allege privity of contract with TAF.

**AS AND FOR A**
**SIXTY-EIGHTH AFFIRMATIVE DEFENSE**

105.   There being no privity of contract between TAF and Plaintiff or Plaintiff's Decedent, there can be no cause of action against TAF for alleged breach of warranties.

**AS AND FOR A**
**SIXTY-NINTH AFFIRMATIVE DEFENSE**

106.     Plaintiff's Decedent did not directly or indirectly purchase any asbestos-containing products or equipment from TAF, and Plaintiff's Decedent neither received nor relied upon any warranty or representation that may be alleged to have been made by TAF.

**AS AND FOR A**
**SEVENTIETH AFFIRMATIVE DEFENSE**

107.     In the event that any breach of warranty is proven, Plaintiff's Decedent failed to give proper and prompt notice of any such breach of warranty to TAF.

**AS AND FOR A**
**SEVENTY-FIRST AFFIRMATIVE DEFENSE**

108.     To the extent that the causes of action fail to accord with the Uniform Commercial Code, including but not limited to Section 2-725 thereof, they are time-barred.

**AS AND FOR A**
**SEVENTY-SECOND AFFIRMATIVE DEFENSE**

109.     Plaintiff's speculative, uncertain, and/or contingent damages have not accrued and are not recoverable.

**AS AND FOR A**
**SEVENTY-THIRD AFFIRMATIVE DEFENSE**

110.     To the extent the Complaint asserts "market share" liability or "enterprise" liability, the Complaint fails to state facts to constitute a cause of action against TAF.

**AS AND FOR A**
**SEVENTY-FOURTH AFFIRMATIVE DEFENSE**

111.     TAF is not and was not a manufacturer, seller, or supplier within the meaning of the doctrine of strict liability in tort or contract.

**AS AND FOR A**
**SEVENTY-FIFTH AFFIRMATIVE DEFENSE**

112.    The doctrine of strict liability in tort is inapplicable to this litigation.

**AS AND FOR A**
**SEVENTY-SIXTH AFFIRMATIVE DEFENSE**

113.    Plaintiff's causes of action for exemplary or punitive damages are barred because such damages are not recoverable or warranted in this action.

**AS AND FOR A**
**SEVENTY-SEVENTH AFFIRMATIVE DEFENSE**

114.    The Complaint fails to specify any willful or wanton conduct on the part of TAF; therefore, all claims referring to the recovery of punitive damages in the Complaint must be stricken.

**AS AND FOR A**
**SEVENTY-EIGHTH AFFIRMATIVE DEFENSE**

115.    To the extent that Plaintiff seeks punitive damages against TAF, these damages are improper, unwarranted, not authorized by law, unconstitutional in the context of this litigation, and not recoverable.  Subjecting a defendant to multiple trials and the multiple imposition of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution, the Constitution of the State of New Jersey, and/or the applicable laws of any relevant jurisdiction and venue.  Further, the manner in which punitive damages are awarded in cases such as this is in violation of constitutional due process as there is no principle of limitation on the multiple imposition of punitive damages for a single course of conduct, a violation of the prescription against excessive fines in the Eighth Amendment to the United States Constitution and Article I, Sections 11 and 12 of the New Jersey State Constitution.

**AS AND FOR A**
**SEVENTY-NINTH AFFIRMATIVE DEFENSE**

116.    The amount of punitive damages sought is unconstitutionally excessive and disproportionate to TAF's alleged conduct, and thus violates the United States Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Fourth, Fifth, and Sixth Amendments, and Article I, Section 12 of the New Jersey State Constitution, TAF's Due Process rights, and/or the applicable laws of any relevant jurisdiction or venue.

**AS AND FOR A**
**EIGHTIETH AFFIRMATIVE DEFENSE**

117.    Any award of punitive damages based upon vague and undefined standards of liability, or based upon any standard of proof less than "clear and convincing" evidence, would violate the Equal Protection and Due Process Clause of the Fourteenth Amendment to the United States Constitution, Article I, Section 1 of the New Jersey State Constitution, and/or the applicable laws of any relevant jurisdiction and venue.

**AS AND FOR A**
**EIGHTY-FIRST AFFIRMATIVE DEFENSE**

118.    If the Court should award damages to Plaintiff, TAF requests that the amount of damages that might be recoverable be diminished based upon the culpable conduct attributable to Plaintiff's Decedent pursuant to N.J.S.A. 2A:15-5.1, N.J.S.A. 59:9-4 or any other applicable Section of the New Jersey Tort Claims Act, N.J.S.A. 2A:53A-3, and/or the applicable laws of any relevant jurisdiction and venue.

**AS AND FOR A**
**EIGHTY-SECOND AFFIRMATIVE DEFENSE**

119.    If the Court should award damages to Plaintiff, TAF requests that the amount of damages that might be recoverable be diminished based upon any and all collateral sources of

payment available to Plaintiff pursuant to <u>N.J.S.A.</u> 59:9-2 and/or the applicable laws of any relevant jurisdiction and venue.

### AS AND FOR A
### EIGHTY-THIRD AFFIRMATIVE DEFENSE

120.    In the event of a finding of liability of TAF, TAF's liability to Plaintiff shall not exceed TAF's equitable share determined in accordance with the relative culpability of each person or business entity, including bankrupt entities, causing or contributing to the total liability pursuant to <u>N.J.S.A.</u> 2A:15-5.2 and/or the applicable laws of any relevant jurisdiction and venue.

### AS AND FOR A
### EIGHTY-FOURTH AFFIRMATIVE DEFENSE

121.    In accordance with <u>N.J.S.A.</u> 2A:53A-1, 2A:53A-2, and 2A:53A-3, and/or the applicable laws of any relevant jurisdiction and venue, to the extent that Plaintiff or Plaintiff's Decedent has given an alleged tortfeasor other than TAF a release or covenant not to sue or not to enforce a judgment, any award of damages must be reduced by the amount stipulated by the release or covenant, or in the amount of the consideration paid for it or in the amount of the released tortfeasor's equitable share of the damages, whichever is the greater.

### AS AND FOR A
### EIGHTY-FIFTH AFFIRMATIVE DEFENSE

122.    Plaintiff's loss of consortium claim is barred as a matter of law to the extent that the alleged exposure to TAF's product or equipment predates the date of Plaintiff's marriage.

### AS AND FOR AN
### EIGHTY-SIXTH AFFIRMATIVE DEFENSE

123.    Plaintiff's Decedent's alleged injuries were caused, in whole or in part, by the general condition, quality, and content of the air and/or environment in the New York metropolitan and New Jersey areas.

## AS AND FOR AN
## EIGHTY-SEVENTH AFFIRMATIVE DEFENSE

124.    Plaintiff's Decedent's alleged injuries were caused, in whole or in part, by and through the operation of nature.

## AS AND FOR AN
## EIGHTY-EIGHTH AFFIRMATIVE DEFENSE

125.    To the extent that Plaintiff is unable to identify the product(s) that allegedly caused Plaintiff's Decedent's injuries, the relief sought by Plaintiff contravenes TAF's rights to protection against taking of property for public use without just compensation, rights to substantive and procedural due process of law and equal protection of the laws under the applicable provisions of the Constitution of the United States Constitution and of Article I, Section 20 of the Constitution of the State of New Jersey.

## AS AND FOR AN
## EIGHTY-NINTH AFFIRMATIVE DEFENSE

126.    The causes of action asserted herein by the Plaintiff, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fails to state a claim upon which relief can be granted, in that Plaintiff has asserted claims for relief which, if granted, would constitute a taking of private property for public use, without just compensation.  Such a taking would contravene TAF's Constitutional rights as preserved for it by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 20 of the New Jersey Constitution.

## AS AND FOR AN
## NINETIETH AFFIRMATIVE DEFENSE

127.    Any products manufactured or sold by TAF, if any, if used by Plaintiff's Decedent or at any of Plaintiff's Decedent's places of employment, were manufactured in accordance with reasonably precise specifications approved by the United States government.  The products, if any, actually manufactured or sold by TAF and used by Plaintiff's Decedent or at any of Plaintiff's

Decedent's places of employment conformed to the government's reasonably precise specifications. The United States government had knowledge of any risk associated with using any product manufactured by TAF, if any, which contained asbestos. Consequently, TAF asserts the "government contractor" defense and is immune from suit and liability for having supplied to Plaintiff's Decedent's employers any products, if any, containing asbestos or asbestos-containing materials.

## AS AND FOR AN
## NINETY-FIRST AFFIRMATIVE DEFENSE

128. The Plaintiff's Decedent's employers, and the United States government had knowledge superior to TAF of any dangers associated with the use of asbestos and any asbestos-containing products manufactured by TAF. TAF had reason to believe Plaintiff's Decedent's employers and the United States government would act, as required by law, to protect the Plaintiff's Decedent and to convey to the Plaintiff's Decedent any warnings required regarding the use of any asbestos-containing materials manufactured by TAF. Consequently, TAF is not liable for any failure to give warning to the Plaintiff's Decedent of any alleged dangers associated with the use of its product.

## AS AND FOR AN
## NINETY-SECOND AFFIRMATIVE DEFENSE

129. The presence of asbestos-containing products or equipment manufactured or supplied by TAF relevant in this action, if any, which TAF hereby expressly denies, was the result of complying with specifications or requirements of Plaintiff's Decedent's employers, and/or the United States Government, and/or the State of New Jersey, and/or other federal or state entities.

## AS AND FOR AN
## NINETY-THIRD AFFIRMATIVE DEFENSE

130. The products or equipment manufactured or supplied by TAF relevant in this

action, if any, which TAF hereby expressly denies, did not have any defects, including any alleged manufacturing defects, design defects, or inadequate warnings.

## AS AND FOR AN
## NINETY-FOURTH AFFIRMATIVE DEFENSE

131.   Federal law pre-empts, in whole or in part, the State law claims alleged in the Complaint.

## AS AND FOR AN
## NINETY-FIFTH AFFIRMATIVE DEFENSE

132.   Plaintiff's claims are governed by the New Jersey Products Liability Act, N.J.S.A. 2A:58C-2, *et seq*.

## AS AND FOR AN
## NINETY-SIXTH AFFIRMATIVE DEFENSE

133.   All claims brought under the New Jersey Products Liability Act, N.J.S.A. 2A:58C-2, *et seq*., are time-barred in that said statute is in violation of the Constitution of the United States and the Constitution of the State of New Jersey.

## AS AND FOR AN
## NINETY-SEVENTH AFFIRMATIVE DEFENSE

134.   Plaintiff's claims are barred by the New Jersey Statue of Repose, N.J.S.A. 2A:14-1.1, and/or under the Federal Tort Claims Act.

## AS AND FOR AN
## NINETY-EIGHTH AFFIRMATIVE DEFENSE

135.   The within action cannot be maintained to the extent there is another, virtually identical action, brought by Plaintiff or Plaintiff's Decedent currently or previously pending.

## AS AND FOR AN
## NINETY-NINTH AFFIRMATIVVE DEFENSE

136.   Plaintiff failed to present all aspects of a controversy among all parties to the instant action before the Court at one time as required under the Entire Controversy Doctrine, and which

failure to join in a single litigation waives Plaintiff's rights to pursue a claim at a later time.

## AS AND FOR AN
## ONE HUNDREDTH AFFIRMATIVVE DEFENSE

137.    The Plaintiff's Complaint is so vague, imprecise, conclusory and general as to the allegedly wrongful conduct of TAF that TAF is unable to formulate a precise response to the Plaintiff's Complaint or to state affirmative defenses that would be applicable if the Plaintiff had disclosed the precise nature and details of their claims against TAF

## AS AND FOR AN
## ONE-HUNDRED-FIRST AFFIRMATIVVE DEFENSE

138.    Plaintiff failed to properly effect service against TAF.

## AS AND FOR AN
## ONE-HUNDRED-SECOND AFFIRMATIVVE DEFENSE

139.    TAF reserves the right to move to sever the various allegations in the Complaint.

## AS AND FOR AN
## ONE-HUNDRED-THIRD AFFIRMATIVVE DEFENSE

140.    TAF reserves the right to respond and assert defenses as to causes of action that have been dismissed should they be reinstated through subsequent appeal.

## AS AND FOR AN
## ONE-HUNDRED-FOURTH AFFIRMATIVVE DEFENSE

141.    All defenses that have been or will be asserted by other Defendants in this action are adopted and incorporated by reference as if fully set forth herein as defenses to the Complaint. Additionally, TAF will rely upon any and all further defenses that become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend this answer for the purpose of asserting any such additional defenses.

**WHEREFORE,** TAF demands judgment dismissing the Complaint with costs and disbursements and, in the event of any judgment against TAF, demands judgment, contribution and/or indemnity over and against the Co-defendants for the amount of any such recovery or a portion thereof, in accordance with the principles of law regarding apportionment of fault and damages, along with costs and disbursements, including reasonable attorneys' fees.

Dated:   New York, New York
         January 23, 2014

                                        By:              s/Sandra Steinman
                                             _____
                                             Sandra K. Steinman
                                             No. 010292001
                                             DARGER ERRANTE YAVITZ & BLAU LLP
                                             116 East 27th Street, 12th Floor
                                             New York, NY 10016
                                             P: 212.452.5300
                                             F: 212.452.5301
                                             ssteinman@deybllp.com

                                             *Attorneys for Defendant TAF International Limited*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2014, a true and correct copy of the foregoing Verified Answer was filed electronically through the Court's Electronic Case Filing (ECF) system and shall be available for viewing and downloading from the ECF system by counsel of record and those registered to receive Notice of Electronic Filing for this case.

s/Sandra Steinman

_____

Sandra K. Steinman, Esq.